IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANCISCO ZAVALA, | : | NO.  02-446-02 |
| a/k/a "Francisco Zavala Mendoza" | : | |

DuBOIS, J.                                                                                                          MAY 17, 2006

**M E M O R A N D U M**

  Presently before the Court are three pro se submissions filed by defendant: (a) Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum; (b) Defendant Francisco Zavala's Motion to Supplement his Resentencing Memorandum; and (c) Defendant Francisco Zavala's Rehearing on Re Sentencing [sic] Memorandum. For the reasons set forth below, the Court dismisses all of Zavala's submissions for lack of jurisdiction.

**I. BACKGROUND**

  On September 5, 2002, a grand jury in the Eastern District of Pennsylvania returned a three-count Superseding Indictment against defendant Francisco Zavala, a/k/a Francisco Zavala-Mendoza, and two co-defendants. Count One charged Zavala with conspiracy to distribute and to possess with intent to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(viii), and 846. Count Two charged Zavala with attempted possession with intent to distribute in excess of 500 grams of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and 18 U.S.C. § 2. Count Three charged Zavala with unlawful use of a communication facility, that is, the mail, in violation of 21 U.S.C. § 843(b).

The case was tried to a jury, beginning June 16, 2003. On June 20, 2003, the jury found Zavala guilty of all three counts. On December 5, 2003, the Court sentenced Zavala to 151 months pursuant to the then-mandatory United States Sentencing Guidelines. Zavala filed an appeal, contesting both the conviction and the sentence imposed. See United States v. Zavala, 141 Fed. Appx. 69, 71 (3d Cir. 2005) (unpublished opinion). While the appeal was pending, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which rendered the United States Sentencing Guidelines advisory. Thereafter, the Court of Appeals affirmed Zavala's judgment of conviction, vacated his sentence, and remanded the case to this Court for resentencing consistent with Booker. United States v. Zavala, 141 Fed. Appx. at 76.

The Court held a resentencing hearing on September 8, 2005. Prior to the hearing, Zavala filed a motion for a downward departure on the ground that he had an extraordinary physical impairment. At that hearing, the Court heard testimony from Dr. Ashok Patel, who was treating Zavala at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. Tr. 18-20. Dr. Patel testified that Zavala was suffering from end-stage renal disease requiring four-hour long dialysis sessions, three times each week. Tr. 21-22. Zavala also testified about the severe deterioration of his health, beginning in 2003. Tr. 32-38. Based on this evidence, the Court found that Zavala was suffering from an extraordinary medical condition. Tr. 54-59. Pursuant to United States Sentencing Guideline § 5(h)(1.4),[1] the Court granted Zavala's motion for a downward departure, and reduced Zavala's original sentence of 151 months to the statutory mandatory

---

[1] United States Sentencing Guideline § 5(h)(1.4) states, in relevant part:

Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinary physical impairment may be a reason to depart downward . . . .

2

minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A)(viii). Tr. 59-60. Under 21 U.S.C. § 841(b)(1)(A)(viii), the Court was precluded from sentencing Zavala to less than 120 months incarceration.

## II.     DISCUSSION

On December 5, 2005, the Court received multiple pro se submissions from Zavala. The Court discusses each in turn. In doing so, the Court is mindful that pro se pleadings must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**(A)     Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum**

In this motion, Zavala requests that the Court deem his motion as filed on October 12, 2005.  He states that he placed a copy of the motion in the institutional legal mailbox on October 12, 2005 at 1:30 p.m. The date of October 12, 2005 appears on the certificate of service attached to the motion. When Zavala realized that the Court did not receive the motion, he resent it in December 2005. Pursuant to the prison mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988) (holding that a court submission by a prisoner is filed as of the date it is handed to prison officials for delivery), the Court considers the attachment thereto – namely, Defendant Francisco Zavala's Rehearing on Re Sentencing [sic] Memorandum – as filed on October 12, 2005.

However, even with a filing date of October 12, 2005, the Court lacks jurisdiction to reach the merits of Zavala's petition. A federal district court may correct a sentence only within seven days after sentencing. Fed. R. Crim. P. 35(a) ("Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). Although Zavala does not explicitly cite Federal Rule of Criminal Procedure 35, the Court concludes that

the Rule applies because Zavala is clearly asking the Court to correct his sentence. The relevant seven-day period within which to correct Zavala's sentence expired on September 15, 2005, nearly one month before Zavala placed his motion papers in the prison mailbox. For this reason, the Court lacks jurisdiction over Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum, and must dismiss it.

**(B)     Defendant Francisco Zavala's Motion to Supplement his Resentencing Memorandum**

For the reasons set forth in Part II.A., supra, the Court lacks jurisdiction over this motion, and must dismiss it.

**(C)     Defendant Francisco Zavala's Rehearing on Re Sentencing [sic] Memorandum**

In this memorandum, Zavala raises multiple grounds which he argues constitute extraordinary circumstances that warrant re-sentencing to a significantly lower term of imprisonment or release. His arguments include, inter alia, the following: (1) he deeply regrets his involvement with drugs and will not be involved in drugs in the future, so the purposes of sentencing would be served with a lower sentence; (2) his counsel did not inform the Court of the circumstances surrounding his terminal medical condition; (3) his counsel was ineffective; (4) the medical and administrative staff at the prison were deliberately indifferent to his serious medical conditions, and their treatment aggravated his renal problems, in violation of the Fifth and Fourteenth Amendments; and (5) the suffering and pain that he has endured violates the Eighth Amendment. For the reasons set forth in Part II.A, the Court lacks jurisdiction over this submission, and must dismiss it.

Assuming arguendo that the Court had jurisdiction to reach the merits of Zavala's claims, the Court would reject Zavala's contention that a lower sentence is warranted. The Court is prohibited by statute from sentencing Zavala to a term of imprisonment below the mandatory minimum sentence of 120 months. See 21 U.S.C. § 841(b)(1)(A)(viii) (a "person [convicted under this section] shall be sentenced to a term of imprisonment which may not be less than 10 years").

Moreover, assuming the Court had jurisdiction, the Court would not reach the merits of Zavala's complaints about his counsel. The Third Circuit Court of Appeals has a strong preference for litigating ineffective assistance of counsel claims in separate proceedings under 28 U.S.C. § 2255, rather than on direct appeal.[2] See, e.g., United States v. Gaydos, 108 F.3d 505, 512 n.5 (3d Cir. 1997) ("We have emphasized our preference that claims of ineffectiveness of counsel be raised in a collateral proceeding under 28 U.S.C. § 2255.") (internal citations omitted); United States v. Sandini, 888 F.3d 300, 312 (3d Cir. 1989) ("We have repeatedly expressed our strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal."); Government of Virgin Islands v. Forte, 806 F.2d 73, 77 (3d Cir. 1986) ("[H]e may not raise this [ineffective assistance of counsel claim] on direct appeal. This court has clearly established that a defendant must raise ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 in order that the district court may create a sufficient record for appellate review.").

---

[2] An exception to this rule allows a defendant to raise an ineffectiveness of counsel claim on direct appeal "where an objection has properly been made at trial, or, where the record clearly shows actual conflict of interest and objections made at trial did or should have put the trial court on notice that potential conflict existed." Government of Virgin Islands v. Zepp, 748 F.2d 125, 134 (1984).

Finally, assuming the Court had jurisdiction, it would not reach the merits of Zavala's complaints about the poor treatment that he has received in federal facilities. It is correct that at least since Estelle v. Gamble, 429 U.S. 97, 104-06 (1976), federal courts have recognized the right of prisoners to relief if prison officials deny them basic medical care in violation of the Eighth Amendment. See generally Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005) (summarizing the avenues available for federal prisoners to bring suit with respect to prison conditions). However, if Zavala intends to file an action regarding prison conditions, he must first establish that he has exhausted administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA) prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies. 42 U.S.C. § 1997(e)(a) ("No action shall br brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted."). The exhaustion requirement of the PLRA applies to all grievance procedures, "regardless of the relief offered by the administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). Zavala has not presented sufficient evidence to establish that he has exhausted administrative remedies.[3]

---

[3] Regarding the exhaustion of administrative remedies, Zavala attached to his Memorandum several exhibits including communications with the Warden Duke Terrell and the Bureau of Prisons Regional Director J.E. Gunja, a Standard Form 95 claiming personal injury in the amount of five million dollars, and medical records. After reviewing these submissions, the Court notes that a memorandum from J.E. Gunja, Regional Director, dated May 3, 2005 instructs Zavala that "[i]f [Zavala is] dissatisfied with this response, [he] may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. [The]

**III.     CONCLUSION**

For the foregoing reasons, the Court dismisses each of the defendant's pro se submissions for lack of jurisdiction.

An appropriate Order follows.

---

appeal must be received in the General Counsel's office within 30 calendar days of the date of this response." Zavala has submitted no information to suggest that he timely filed an appeal to the Office of the General Counsel, Bureau of Prisons.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FRANCISCO ZAVALA,** | : | NO.  02-446-02 |
| a/k/a "Francisco Zavala Mendoza" | : | |

**O R D E R**

**AND NOW,** this 17th day of May, 2006, upon consideration of Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum (Document No. 294, filed December 5, 2005), Defendant Francisco Zavala's Rehearing on Re Sentencing [sic] Memorandum (attached to Document No. 294, filed December 5, 2005, dated October 12, 2005), Defendant Francisco Zavala Motion to Supplement his Resentencing Memorandum (attached to Document No. 294, filed December 5, 2005), the Government's Response to Defendant's Motion to Enlarge the Time in Which To File Re-Sentencing Motion and Memorandum (Document No. 295, filed December 6, 2005), and Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum (Document No. 296, filed December 7, 2005),[1] for the reasons set forth in the attached

---

[1] Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum (Document No. 294, filed December 5, 2005), and Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum (Document No. 296, filed December 7, 2005), are identical documents, but the latter was sent to the Court of Appeals in error before being docketed in this Court.

Memorandum, **IT IS ORDERED** as follows:

1. Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum (Document No. 294, filed December 5, 2005), is **DISMISSED** for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 35(a);

2. Defendant Francisco Zavala's Rehearing on Re Sentencing [sic] Memorandum (attached to Document No. 294, filed December 5, 2005, dated October 12, 2005) is **DISMISSED** for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 35(a);

3. Defendant Francisco Zavala Motion to Supplement his Resentencing Memorandum (attached to Document No. 294, filed December 5, 2005) is **DISMISSED** for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 35(a); and

4. Defendant Francisco S. Zavala's Motion to Enlarge the Time in Which to Enlarge the Time [sic] in Which File Re Sentencing [sic] Motion and Memorandum (Document No. 296, filed December 7, 2005) is **DISMISSED** for lack of jurisdiction pursuant to Federal Rule of Criminal Procedure 35(a).

        **BY THE COURT:**

        /s/    **JAN E. DUBOIS**, **J.**

        _____

        **JAN E. DUBOIS**, **J.**